The act of 1777, New Rev., ch. 15, sec. 75, directs that when appeals are taken from the county to the Superior Courts, bonds shall be given to prosecute such appeal with effect, and to perform the judgment, sentence, or decree of the Superior Court. The act of 1810, New Rev., ch. 793, directs that when certioraris are directed to the county courts, the clerk of the court is directed to take security in the same manner and under the same regulations that security is taken in appeals from the county to the Superior Courts. It is to be observed that these acts point out no form in which appeal bonds are to be taken; and if the bond taken is substantially good, it is sufficient. The question is whether the words abide by and stand to the judgment, etc., are equivalent to the word perform the judgment. The act which required the bond to be given pointed out the liability to which the security was about to subject himself, and he understandingly undertook that the defendant should pay the debt when he undertook that he should abide by and stand to the judgment which should be given. What are the injunctions of the judgment? That the defendant shall pay to the plaintiff so much money; and it cannot be said, as I think, that he abides by and stands to the judgment without doing it. The word "perform" is one of stronger and more active import; but although it is said in the schools that no two words have precisely the same meaning, yet in common life and in common parlance we know there are various words used as substantially meaning the same thing. It is said the defendant is a security, and the bond should be (350) strictly construed in his favor. It is true he is so, and puts no money in his pocket; but the consideration is that by becoming security he deprived the plaintiff of the judgment he had in the county court, and thereby jeopardized the debt. A loss to one party is equivalent to gain to another.
But it is said that this defendant has stipulated that the defendant shall make his personal appearance, abide by, etc., and that he is bound only as bail for his appearance and not for the debt. In this view of the case the whole burthen of the obligation rests upon the word appearance; and if the defendant is received merely as bail for his appearance, the words abide by and stand to the judgment which *Page 193 
the court shall give are inoperative. But this construction of the words is contrary to the meaning of the Legislature when they directed security to be taken. But if by any fair construction of the bond we can make it harmonize with their meaning, I think we ought to do so. It is for this reason that I consider the words abide by and standto as more operative than the words make his personal appearance. But take the words altogether, that he is to make his personal appearance, abide by and stand to the judgment which the court pronounces, I think their meaning is that he shall perform the judgment. But it is said this bond was not given as the law directs; it should have been given to Miller instead of Molton. That is true; but if the bond was given bona fide, as I believe it was, although given to the wrong person, it was given for the same purpose, the same consequences follow. It answered the same purpose in removing the suit by certiorari
to the Superior Court as if it had been given in any other way. The act of 1818, New Rev., ch. 962, sec. 4, directs, in case of appeals to the Supreme Court, bond shall be taken to abide the judgment of the court, and that such bond shall be proceeded on in the same way as in case of appeals from the county to the Superior Court; that is, that the security shall be answerable for the debt, if the defendant does not pay it; so that it appears in this case that the (351) obligatory part of this bond is not so strong as the one under consideration. I am of opinion that judgment should be given for the plaintiff.